UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | |
| | § | **Civil Action No. 5:19-cv-00586-OLG** |
| **CHENGYU WANG,** | § | |
| *Defendant.* | § | |

## ORDER

On this day, the Court considered Plaintiff's Motion to Strike Affirmative Defenses (docket no. 20) and Defendant's Opposed Motion for Leave to File an Amended Answer (docket no. 27). Having considered the motions and the record, the Court finds that the Government's Motion to Strike should be DENIED and Defendant's Opposed Motion to Amend should be GRANTED.

## BACKGROUND

On May 31, 2019, the Government filed its complaint seeking to revoke Defendant Chengyu Wang's citizenship pursuant to 8 U.S.C. § 1451(a). *See* docket no. 1. Defendant first moved to dismiss the complaint, arguing that the Government's claims were barred by collateral estoppel as a result of a failed attempt to dishonorably discharge Defendant in a U.S. Army court. *See* docket no. 6. The Court denied that motion, finding that there was no privity between the Government and the U.S. Army, and thus the judgment against the latter could not bar the former. *See* docket no. 16. As a result, Defendant filed his original answer. *See* docket no. 18. In his answer, Defendant asserted three affirmative defenses: collateral estoppel, fraud, and an equal protection violation related to the Government's targeted treatment of MAVNI soldiers. *See* docket no. 18 at pp. 17-18. The Government then filed its Motion to Strike, seeking to strike

1

all three affirmative defenses. *See* docket no. 20. On February 28, 2020, after the parties had fully briefed the Motion to Strike, Defendants filed this Motion to Amend. *See* docket no. 27. In the proposed amended answer, Defendant removes his fraud affirmative defense and pleads with greater particularity his equal protection and selective prosecution defense. *See* docket nos. 20 at ¶ 2 & 20-1.

In its response, the Government indicates it is unopposed to the striking of the fraud defense. *See* docket no. 28 at p. 1 n.2. However, the Government opposes Defendant's proposed amendment to his equal protection defense on the grounds that the amendment is futile. *Id.* Specifically, the Government argues amendment is futile because Defendant (1) fails to meet the Rule 12(b)(6) standard, (2) fails to meet the heightened pleading standard applicable to selective prosecution, and (3) fails as a matter of law by potentially permitting Defendant to retain illegally procured citizenship contrary to Supreme Court precedent. *See id.* at p. 1. With respect to the collateral estoppel defense, the Government states that its Motion to Strike should still apply.

Given that Defendant's amended answer strikes the fraud defense, the Court will only analyze the collateral estoppel and equal protection defenses.

## <u>ANALYSIS</u>

As noted above, two affirmative defenses remain at issue: collateral estoppel and equal protection/selective prosecution. The Government moves to strike these defenses pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fifth Circuit has held that a Court may strike an affirmative defense which fails as a matter of law or fact. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057-58

2

(5th Cir. 1982). However, courts in this district have held that "motions to strike are disfavored." *Cabin Foods, LLC v. Rich Products Corp.*, 2012 WL 433115, at \*4 (W.D. Tex. Feb. 8, 2012). In determining whether to strike an affirmative defense, this Court has previously held that the *Twombly/Iqbal* standard does not apply. *See Deaf Interpreter Services, Inc. v. Weboco Enterprises, LLC*, 2014 WL 12489609, at \*2 (W.D. Tex. June 30, 2014) ("Contrary to Plaintiff's suggestion, affirmative defenses do not have to be pled with the particularity required by *Twombly* and *Iqbal* for pleading causes of action."). Instead, the "fair notice" pleading standard applies. *See Fret v. Melton Truck Lines, Inc.*, 2018 WL 4856770, at \*2 (W.D. Tex. Oct. 4, 2018).

"The action of striking a pleading should be sparingly used by courts because it is a drastic remedy." *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716 at 723 (E.D. La. 2011) (quoting *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 680 F. Supp. 2d 780, 788 (E.D. La. 2010)). This "drastic remedy" should not be granted even if "technically appropriate and well-founded" absent a "showing of prejudice to the moving party." *Id.* Indeed, the Fifth Circuit has held that motions to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Public Instruc. Of Escambia Cnty., Fl.*, 306 F.2d 862, 868 (5th Cir. 1962) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). With this standard in mind, the Court turns to the affirmative defenses.

*1. Collateral Estoppel*

The Government asserts that the collateral estoppel defense fails as a matter of law as this Court has already denied Defendant's Motion to Dismiss on the same grounds. *See* docket no. 20 at p. 3. Specifically, the Court found that the U.S. Army and the Government were not in privity, and thus the findings against the U.S. Army could not be used to estop the Government from

bringing this action. *See* docket no. 16. To the Government, it follows that collateral estoppel should be dismissed as an affirmative defense.

Defendant asserts two argument in response.[1] First, Defendant argues that he had to include the affirmative defense in his answer in order to preserve the issue for appeal. However, as the Government points out in its reply, Defendant has already preserved this issue for appeal by asserting the defense in his answer. The parties need not fully litigate the defense in order to maintain its appealability. Second, Defendant argues that the Government fails to meet its burden of establishing the prejudicial effect of permitting the affirmative defense. *See* docket no. 21 at p. 3. In its reply, the Government asserts that it will suffer undue prejudice if it must respond to discovery requests and otherwise litigate the collateral estoppel defense. *See* docket no. 22 at p. 2. The Government cites Federal Rule of Civil Procedure 26(b)(1), which defines the scope of discovery as encompassing "any nonprivileged matter that is relevant to any party's claim or *defense*." And, as the Government points out, courts in this district strike affirmative defenses that are insufficient as a matter of law if they would permit defendants to "embark on wide-ranging discovery." *Cabin Foods*, 2012 WL 433115, at *6.

The Court is not persuaded that fear of excessive discovery warrants striking collateral estoppel as an affirmative defense. The Government's reliance on *Cabin Foods* is inapposite, as the "wide-ranging discovery" that court sought to avoid was for a baseless assertion of inequitable conduct, which is a defense so commonly abused in cases such as *Cabin Foods* that the court cited the Federal Circuit's statement that it was "an absolute plague." 2012 WL 433115, at *6 (quoting *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1289 (Fed. Cir. 2011)). The Government has not shown that Defendant's collateral estoppel defense rises to

---

[1] Defendant first argues that the Court should decline to hear the Motion to Strike as the Government did not abide by Local Rule CV-7(i)'s conference requirement for nondispositive motions. *See* docket no. 21 at p. 3. The Court rejects this argument as a conference would have been futile.

this level or that litigating it will "consume enormous resources." *Id.* The fact that the Court has previously denied Defendant's motion to dismiss, which the Court construed as a summary judgment motion, based on this theory does not prevent Defendant from asserting it as an affirmative defense. Moreover, it cannot be said that Defendant's collateral estoppel defense "has no possible relation to the controversy." *Augustus*, 306 F.2d at 868. Accordingly, the Court finds that striking the collateral estoppel defense is unwarranted.

2. *Equal Protection/Selective Prosecution*

Aside from removing his fraud defense, Defendant's proposed amended answer also changes his equal protection defense. In his original answer, Defendant pointed to *Tiwari v. Mattis*, a Western District of Washington case that held that the increased scrutiny on MAVNI soldiers, such as Defendant, discriminated based on national origin in violation of the equal protection component of the Fifth Amendment's Due Process Clause. 363 F. Supp. 3d 1154, 1162 (W.D. Wash. 2019); docket no. 18 at pp. 17-18. In his amended answer, Defendant claims that even after the background checks and security screenings involved in their naturalization and enlistment processes, MAVNI soldiers were subject to "blanket counter-intelligence interviews" and "continuous monitoring" throughout their military career. Docket no. 27-1 at p. 19. Defendant then asserts that he is a subject of the Government's selective prosecution, as evidenced not only by these extra investigative measures, but also by the Government's prosecuting this case after the U.S. Army failed to establish the need for dishonorable discharge. *Id.* Defendant further asserts that "similarly situated, non-MAVNI soldiers, including foreign-born naturalized soldiers, are not being prosecuted in the same manner as the Defendant." *Id.* at p. 20. This targeted treatment, Defendant alleges, constitutes selective prosecution in violation of the Due Process Clause. *Id.* at p. 21.

Defendant argues that the Court should grant him leave to amend his answer, as Federal Rule of Civil Procedure 15(a)(2) states that courts should "freely give leave" to amend pleadings "when justice so requires." Indeed, Rule 15(a) "evinces a bias in favor of granting leave to amend," *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003), and absent a significant reason, "such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

The Government, on the other hand, argues that the Court should deny leave to amend because amendment would be futile. *See Jebaco, Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009). The Government further argues that the test for futility is whether the amended answer, particularly the equal protection defense, states a claim that meets the Rule 12(b)(6) pleading standard. *See, e.g., Vargas v. HWC Gen. Maintenance, LLC*, 2012 WL 948892, at *3 (S.D. Tex. Mar. 20, 2012).

Again, however, this Court has previously held that "fair notice," not the *Iqbal/Twombly* standard, applies to affirmative defenses. *See Deaf Interpreter Services*, 2014 WL 12489609, at *2. The Court finds that Defendant's amended answer meets this standard. As noted above, Defendant alleges that MAVNI soldiers were subjected to heightened security checks and then continuous monitoring, unlike non-MAVNI soldiers. *See* docket no. 27-1 at ¶¶ 4-5. Defendant then alleges that MAVNI soldiers are uniquely targeted for dishonorable discharge proceedings, and then when those fail, he alleges they are subject to denaturalization suits such as this one. *Id.* at ¶¶ 6-10. The Court finds that these allegations, at the very least, put the Government on "fair notice" of the affirmative defense. Alternatively, the Government must show an actual prejudice

caused by the affirmative defense in order to warrant its dismissal. *See Abene*, 802 F. Supp. 2d at 723. The Government has not shown the requisite prejudice. Nor is the alleged selective prosecution of MAVNI soldiers, such as Defendant, unrelated to the controversy. *See Augustus*, 306 F.2d at 868. The Court therefore finds that striking Defendant's equal protection defense, as amended, is also unwarranted.

Given both the disfavored nature of Rule 12(f) motions and the liberal standard in granting leave to amend pleadings, the Court finds that the Government's Motion to Strike should be DENIED, and Defendant's Motion for Leave to Amend should be GRANTED.

<u>**CONCLUSION**</u>

**IT IS THEREFORE ORDERED** that the Government's Motion to Strike Affirmative Defenses (docket no. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Opposed Motion for Leave to File an Amended Answer (docket no. 27) is **GRANTED**. Defendant's proposed amended answer (docket no. 27-1) is now the operative answer.

It is so **ORDERED**.

**SIGNED** this __2nd__ day of June, 2020.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE